# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-1625V
Filed: July 26, 2024

```
* * * * * * * * * * * * *   *
ROY ROMERO,                 *
                            *
              Petitioner,   *
v.                          *
                            *
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
              Respondent.   *
* * * * * * * * * * * * *   *
```

*Michael Baseluos, Esq.*, Baseluos Law Firm, PLLC, San Antonio, TX, for petitioner.
*Naseem Kourosh, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On October 19, 2018, Roy Romero ("petitioner" or "Mr. Romero") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he suffered acute inflammatory demyelinating polyneuropathy ("AIDP"), a variant of Guillain-Barré Syndrome ("GBS"), as a result of the influenza ("flu") vaccine he received on October 21, 2016. Petition, ECF No. 1. Petitioner was awarded interim attorneys' fees and costs on February 24, 2023. ECF No. 102. Petitioner now seeks a second award of interim attorneys' fees and costs.

## I.       Procedural History

As this is the second decision on interim attorneys' fees and costs in this matter, an abbreviated procedural history is provided herein. A more complete and comprehensive procedural

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

history is contained in the Decision on Interim Attorneys' and Costs issued on February 24, 2023. *See* ECF No. 102.

The petition was filed on October 19, 2018 and was initially assigned to the Special Processing Unit ("SPU"). ECF Nos. 1, 4. On March 11, 2021, after the filing of medical records, and briefing on whether the Table requirements for GBS were met, Chief Special Master Corcoran issued Findings of Fact and Conclusions of Law dismissing petitioner's Table Flu/GBS Claim. ECF No. 50

The matter was then reassigned to the undersigned and an initial status conference was held on May 26, 2021. The progress of the case was reviewed with counsel, and petitioner was ordered to file outstanding medical records and a supplemental affidavit. ECF No. 54.

On December 16, 2021, respondent filed a status report advising that he was satisfied that all necessary records had been filed. ECF No. 70. The parties then began the exchange of expert reports. Petitioner filed reports from Drs. Kinsbourne and Akbari, and respondent filed reports from Drs. Jamieson and Tompkins. Pet. Ex. 42-45, ECF Nos. 74-80; Resp. Ex. A-B, ECF Nos. 82-86; Pet. Ex. 46-47, ECF Nos. 89-93; Resp. Ex. C-E, ECF Nos. 99, 101.

On December 20, 2022, petitioner filed a Motion for Interim Attorneys' Fees and Costs. ECF No. 96. Respondent filed a response on December 21, 2022, stating that he "is satisfied that the statutory requirements for an award of attorneys' fees are met in this case" and deferring to the special master for a determination of interim fees and costs. ECF No. 97. Petitioner did not file a reply. A Decision on Interim Attorneys' Fees and Costs was issued on February 24, 2023, awarding petitioner a total of $183,540.10. ECF No. 102.

The exchange of expert reports continued, and a Rule 5 conference was held at the request of the parties on May 17, 2023. Pet. Ex. 48-49, ECF Nos. 107-08.  An Order issued directing petitioner to file updated medical records and a status report advising how the matter should proceed. ECF No. 110.

After petitioner filed his status report, another status conference was held on July 26, 2023, to clarify how the case should proceed. Each party was given time to file supplemental expert reports and it was agreed that a briefing schedule would be set thereafter for the filing of a Motion for Ruling on the Record. ECF No. 113.

Respondent filed supplemental reports on August 23, 2023, and petitioner filed supplemental reports on October 11, 2023. Resp. Ex. F-G, ECF Nos. 114-15; Pet. Ex. 52-54, ECF Nos. 117-20. A briefing schedule was set on October 11, 2023. ECF No. 121.

Petitioner filed a Motion for Ruling on the Record on December 18, 2023. ECF No. 125. Respondent filed a response on March 18, 2024, and petitioner filed a reply on April 18, 2024. ECF Nos. 130-31.

During this time, petitioner filed a second Motion for Interim Attorneys' Fees and Costs on February 18, 2024, requesting a total of $158,196.35, representing $63,531.35 in attorneys'

fees and $94,665.00 in costs. Second Motion for Interim Fees at 8, ECF No. 127. Respondent filed a response on February 22, 2024, deferring to the special master as to whether the legal standard and statutory requirements for an award of attorneys' fees and costs are met. Response at 2, ECF No. 128. Respondent also noted that though petitioner was seeking higher expert hourly rates, submitting that "the Court should reserve the highest rates for the most qualified experts opining on the most complex medical issues." *Id*. Petitioner did not reply.

This matter is now ripe for determination.

## II. Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## III. Discussion

### A.  Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id*. at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id*. at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making

this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs*., 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has now been pending for nearly six years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g., Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees).

I typically only entertain one application for interim attorneys' fees and costs during the course of a case, and petitioner already applied for and received an interim award in February 2023. However, petitioner has expended significant time and costs in litigating this matter since that time. Further, the parties have submitted their briefing for a ruling on the record, so the work of the experts is expectedly complete. Given the Court's current calendar, the issuance of an entitlement decision in this matter is not imminent. Accordingly, the circumstances of this case warrant an award of interim fees and costs so as not to impose economic hardship on petitioner.

## B.    Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorney's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for the work of his attorney, Mr. Michael Baseluos: $400 for work performed in 2023 and $450 for work performed in 2024. Second Motion for Interim Fees, Ex. A. The rate requested for 2023 is consistent with what Mr. Baseluos has

---

[3] The 2015-2024 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

previously been awarded for his Vaccine Program work, and I find the rate requested for 2024 to be reasonable and in line with the OSM Fee Schedule. *See Aragon v. Sec'y of Health & Human Servs.*, No. 19-1148V, 2024 WL 1599749 (Fed. Cl. Spec. Mstr. Feb. 20, 2024).

Accordingly, the hourly rates are awarded as requested above.

## C.    Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee request hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that, generally, the billing entries adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is awarded interim attorneys' fees of **$63,372.00**.[4]

## D.    Reasonable Costs

---

[4] Petitioner's counsel also requested $159.35 in costs for obtaining medical records that he included in his total. *See* Second Motion for Interim Fees at 8, Ex. A at 13. This amount is discussed below in the section on costs.

Petitioner requests a total of **$94,824.35**[5] in costs. Motion for Interim Fees at 8. The requested costs consist of securing medical records and payment for two experts, Dr. Omid Akbari and Dr. Marcel Kinsbourne. Second Motion for Interim Fees, Ex. C, D.

### 1. Dr. Omid Akbari

Dr. Omid Akbari billed 104.3 hours at a rate of $550 per hour from January to December 2023, for a total of $57,365.00. Second Motion for Interim Fees, Ex. C. Dr. Akbari wrote two reports during this time. *See* Pet. Ex. 48; Pet. Ex. 52.

As mentioned in the first decision awarding interim attorneys' fees and costs in this matter, the number of hours billed by Dr. Akbari appears to be a large expenditure of time for a flu/GBS case that has not and will not go to hearing.  However, Dr. Akbari's records of the time he spent on the case are quite detailed, and he will therefore be awarded for the time he spent. While Dr. Akbari's billed hours are not being reduced for excessiveness here, the undersigned reiterates the caution previously made to Dr. Akbari to take care in ensuring his billing practices are reasonable moving forward. *See Powell v. Sec'y of Health & Human Servs.*, No. 20-1726V, 2024 WL 1996715 at *4 (Fed. Cl. Spec. Mstr. Apr. 11, 2024) (citing cases discussing Dr. Akbari's billing practices).

 Dr. Akbari's rate, however, warrants additional discussion. Petitioner requests an hourly rate of $550 for Dr. Akbari, arguing that an immunologist is now "essential" in complex vaccine cases and that Dr. Akbari deserves this higher rate "because he brings more value in terms of cutting edge science than any clinician could ever hope to contribute." Second Motion for Interim Fees at 4-6. However, Dr. Akbari has consistently been awarded a rate of $500 per hour both in this matter and in the Program generally. In the first decision on interim attorneys' fees and costs in this case, the undersigned awarded Dr. Akbari a rate of $500 per hour for work performed in 2021 and 2022. *See Romero v. Sec'y of Health & Human Servs.*, No. 18-1625V, 2023 WL 2598014 (Fed. Cl. Spec. Mstr. Mar. 22, 2023). Further, while Dr. Akbari is presently requesting $550 per hour for work performed in 2023, at least one other special master has already awarded Dr. Akbari $500 per hour for his work in 2023. *See Foukarakis v. Sec'y of Health & Human Servs.*, No. 20-1547V, 2024 WL 1156130 (Fed. Cl. Spec. Mstr. Feb. 22, 2024). Accordingly, the undersigned finds that $500 per hour, as has been consistently awarded to Dr. Akbari including for work performed in 2023, to be an appropriate hourly rate.

With this rate reduction, Dr. Akbari is awarded **$52,150.00.**[6]

### 2. Dr. Marcel Kinsbourne

Dr. Marcel Kinsbourne billed 74.6 hours at a rate of $500 per hour from January to December 2023, for a total of $37,300.00. Second Motion for Interim Fees, Ex. D. Dr. Kinsbourne authored three reports during this period. *See* Pet. Ex. 49; Pet. Ex. 53; Pet. Ex. 54. This rate is consistent with what Dr. Kinsbourne was previously awarded this matter, and what he has routinely been awarded for his work in the Program. *See Romero v. Sec'y of Health & Human*

---

[5] $94,824.35 = $57,365.00 (requested costs for Dr. Akbari) + $37,300.00 (requested costs for Dr. Kinsbourne) + $159.35 (counsel's requested costs).
[6] 104.3 hours x $500 per hour = $52,150.00.

*Servs.*, No. 18-1625V, 2023 WL 2598014 (Fed. Cl. Spec. Mstr. Mar. 22, 2023); *White v. Sec'y of Health & Human Servs.*, No. 18-592V, 2023 WL 9181287 (Fed. Cl. Spec. Mstr. Dec. 15, 2023). Dr. Kinsbourne provided detailed records of his time and I find the hours expended generally reasonable. Therefore, the costs associated with his work will be paid in full, and Dr. Kinsbourne is awarded **$37,300.00.**

### 3. Total Reasonable Costs

Petitioner also requests costs of **$159.35** for obtaining medical records. Second Motion for Interim Fees, Ex. A at 13. I have reviewed these costs and find them reasonable and supported with adequate documentation. Accordingly, petitioner is awarded a total of **$89,609.35**[7] in costs.

## IV. Conclusion

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED, in part**. Accordingly, I award **$152,981.35** representing $63,372.00 in attorneys' fees and $89,609.35 in attorneys' costs in the form of a check payable jointly to **petitioner and petitioner's counsel, Michael Baseluos, Esq.** The clerk shall enter judgment accordingly.[8]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[7] $52,150 (Dr. Akbari's fee) + $37,300 (Dr. Kinsbourne's fee) + $159.35 (counsel's other costs) = $89,609.35.
[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.